U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAY 2 4 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY
     SHREVEPORT



## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | | |
|---|---|---|
| HARDWARE RESOURCES, INC. | : | SUIT NUMBER: |
| VS | : | **5:06cv872** |
| | | **JUDGE STAGG** |
| JFH CORPORATION, | : | **MAG. JUDGE HORNSBY** |

### COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**NOW INTO COURT**, through undersigned counsel, comes HARDWARE RESOURCES, INC. (hereinafter referred to as "HARDWARE RESOURCES" or Plaintiff), who avers as the complainant that:

### NATURE OF THE CASE

1. This is a suit for copyright infringement, under 17 U.S.C. §101 et seq., in which Plaintiff seeks recovery of monetary damages and injunctive relief.

### PARTIES

2. Plaintiff, HARDWARE RESOURCES, is a corporation incorporated in Louisiana, having its principal place of business in Louisiana, and having offices located at 4319 Marlena, Bossier City, Louisiana 71111.

3. Made a Defendant herein is JFH CORPORATION, d/b/a JFH Hardware (hereinafter referred to as "JFH") a corporation incorporated in Tennessee, and having offices at 2707 Longate

Drive, Memphis, Tennessee 38132.

4.      Made Defendant herein is PACIFIC INDUSTRIES (hereinafter sometimes referred to as "PACIFIC").

5.      Made are such other entities as may be discovered through discovery.

## JURISDICTION

6.      This Court has jurisdiction over this matter based upon 28 U.S.C. §1338(a), as this matter involves an action arising under Acts of Congress relating to copyrights, specifically 17 U.S.C. §101 et seq. Further, this Court has jurisdiction over this matter based upon 28 U.S.C. §1332 as there is complete diversity of citizenship among all parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Further, this Court has in personam jurisdiction pursuant to La. R.S. 13:3201 et seq., as the Defendants have had sufficient minimum contacts with the forum state by travel to the forum state, advertising over the internet, mailing brochures and delivering brochures into the forum state, having salesmen in the forum state, and selling and distributing products into the forum state, and placing the infringing products in the stream of commerce which reached the forum state, and causing damages in the forum state.

## VENUE

7.      Venue in this judicial district is proper pursuant to 28 U.S.C. §1400(a) and 28 U.S.C. § 1391 (b) and (c) as the claims arose and Defendants do business in this judicial district and

Plaintiff has a principal place of business in Louisiana, and Defendants caused damages to Plaintiff in this judicial district.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

8. HARDWARE RESOURCES has been and is currently in the business of manufacturing and marketing a wide variety of architectural woodcarvings.

9. In connection with its business, HARDWARE RESOURCES has created various original woodcarving designs.

10. Due to the substantial amount of resources expended in the creation, advertising, and promotion of HARDWARE RESOURCES' original woodcarvings, it has obtained various copyright registrations.

11. HARDWARE RESOURCES has obtained the following copyright registrations, which are the subject of this lawsuit.

> A. On August 9, 2003, Plaintiff obtained Copyright Registration No. VAu-598-428 for a work entitled "Grape Corbel Design: no. CORA-1 - - CORA-3"; and

> B. On August 9, 2003, Plaintiff obtained Copyright Registration No. VAu-598-429 for a work entitled "Acunthus Corbel Design: no. CORB-I - - CORB3."

Copies of the registrations are attached as Exhibit A and B. HARDWARE RESOURCES' woodcarvings which are the subject of the above mentioned copyright registrations are hereinafter sometimes referred to as "Work" or "Works".

12. Photos of HARDWARE RESOURCES' copyrighted Work for the registration shown in Exhibit A (Grape Corbel Design), is shown in Exhibit A-1 and photos of HARDWARE RESOURCES' copyrighted Work for the registration shown in Exhibit B (Acunthus Corbel Design), is shown in Exhibit B-1. HARDWARE RESOURCES is currently selling and marketing these Works.

13. The above-mentioned copyright registrations are comprised of material original to the author and the Works consist of copyrightable subject matter.

14. In securing the above-mentioned copyright registrations, HARDWARE RESOURCES complied in all respects with the Copyright Act of the United States, 17 U.S.C. §101 et seq. and all other laws governing copyright registrations.

15. Upon information and belief, following publication and/or registration of the Works by HARDWARE RESOURCES, the Defendants have manufactured, caused to be manufactured, prepared, caused to be prepared, reproduced, caused to be reproduced, distributed, caused to be distributed, sold and/or caused to be sold woodcarvings (hereinafter the "Infringing Items") which are identical to, substantially similar to and/or derivative works based upon the Works of HARDWARE RESOURCES. Photos of samples of the Infringing Works are attached hereto as Exhibits A-2 ("Grape Corbel") and B-2 ("Acanthus Corbel"). Defendants have also issued or caused to be issued a catalog which includes various Infringing Works. A copy of the relevant section of the catalogs is attached as Exhibit C.

16. The Defendants' acts of infringement and those acts described in paragraph 15 above

were not authorized by HARDWARE RESOURCES and occurred in several locations, including without limitation this judicial district. A shipping label showing the shipment of the samples (shown in Exhibits A-2 and B-2) into this judicial district is attached as Exhibits D.

17. The above-described actions of the Defendants constitute copyright infringement in violation of I 7 U.S.C. § 101 et seq., for which Defendants are liable to HARDWARE RESOURCES in solido.

18. Upon information and belief, the acts of the Defendants described above involved deliberate, intentional, and willful copying of the HARDWARE RESOURCES' Works, with the knowledge that the copyrights in and to said Works belonged to and/or were claimed by HARDWARE RESOURCES.

19. As a result of the above described acts of Defendants, HARDWARE RESOURCES has suffered monetary damages, including loss of profits, loss of business opportunities, loss of business goodwill, injury to business reputation, and costs and expenses.

20. As a result of the above described acts of Defendants, Defendants have made profits to which they are not equitably or legally entitled.

21. HARDWARE RESOURCES has and will continue to suffer irreparable damages unless Defendants are restrained by this Court.

22. It will be extremely difficult to ascertain the amount of compensation which would provide HARDWARE RESOURCES with adequate relief.

23. As a consequence of the Defendants' acts in violation of th copyright laws,

HARDWARE RESOURCES is entitled to the following remedies:

    (a) Injunctive relief against Defendants pursuant to 17 U.S.C. §502;

    (b) Impoundment, surrender and/or destruction of all Infringing Works and all plates, molds, masters and other means by which such Infringing Works may be reproduced (herein after referred to collectively as "Infringing Articles"), pursuant to 17 U.S.C. §503;

    (c) Recovery of monetary damages against the Defendants consisting of HARDWARE RESOURCES' actual damages and any additional profits of the Defendants, or statutory damages of not less than $300,000, pursuant to 17 U.S.C. §504; and

    (d) Recovery of costs and attorney's fees, pursuant to 17 U.S.C. §505.

## JURY DEMAND

24.   HARDWARE RESOURCES requests a trial by jury of all issues so triable herein.

## PRAYER FOR RELIEF

25.   WHEREFORE, plaintiff, HARDWARE RESOURCES, prays that this Court enter a judgment in its favor against Defendants as follows:

    A. An award of monetary damages, with interest, against the Defendants consisting of Plaintiff's actual damages and additional profits of the Defendants, or statutory damages of not less than $300,000.

    B. Recovery of Plaintiff's costs and attorney's fees associated with this action, to be assessed against Defendants.

C.  Injunctive relief against Defendants, their agents, representatives, assigns, and all those acting on their behalf of or in concert with them, as follows:

   (1) Ordering them to turn over to the Plaintiff all Infringing Works and Infringing Articles,

   (2) Prohibiting them from any and all further manufacture, distribution, sale, offering for sale, reproduction or other use of the Works, the Infringing Works, and any and all other works which are substantially similar to, or are derivatives based upon, one or both of the Works, and

   (3) Any and all further relief as may be deemed fit and proper.

MILLS, TURANSKY & ASSOCIATES
(A Professional Law Corporation)

By: _____
George H. Mills, Jr. #9583
Post Office Box 1784
331 Milam Street, Suite 300
Shreveport, Louisiana 71166
Tel   318/222-0337
Fax   318/222/5400

Attorneys for Plaintiff
HARDWARE RESOURCES, INC.