U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL 1 2 2006

ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

HARDWARE RESOURCES, INC.

versus

CIVIL ACTION NO. 06-0872
JUDGE TOM STAGG

JFH CORPORATION, ET AL.

## MEMORANDUM RULING

Before the court is a motion to dismiss filed by defendants, Joseph Habbouch ("Habbouch"), Junguao Industries, Inc. d/b/a Pacific Industries ("Pacific"), and Pride Industrial ("Pride") (hereinafter occasionally collectively referred to as the "Ohio defendants"). See Record Document 17. For the reasons set forth below, the defendants' motion to dismiss is **GRANTED**.

## I. BACKGROUND

This dispute began with the filing of a complaint by Hardware Resources, Inc. ("Hardware Resources"), alleging that the defendants were infringing upon its copyright of two architectural woodcarving designs (referred to as "corbels"). See Record Document 1. The complaint seeks monetary damages, attorney's fees and injunctive relief. Hardware Resources then filed a motion entitled "Emergency

Application For Temporary Restraining Order And Motion For Preliminary Injunction." Record Document 6. Thereafter, two status conferences were held and the court scheduled a hearing on the motion for temporary restraining order and preliminary injunction for Monday, August 26, 2006. In the interim, the Ohio defendants filed the instant motion to dismiss, contending that "[t]here is no constitutional basis for this Court to exercise personal jurisdiction" over them. Record Document 17 at 1.

## II. ANALYSIS

### A.  Law On Personal Jurisdiction.

The Louisiana long arm statute, which this federal diversity court must apply, extends as far as is permitted by due process. See Patin v. Thoroughbred Power Boats Inc., 294 F.3d 640 (5th Cir. 2002). The exercise of personal jurisdiction over a defendant comports with due process only if (1) the defendant has purposefully availed himself of the benefits and protections of the forum state--here, Louisiana-- by establishing "minimum contacts" with the state and (2) the exercise of personal jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice. See Allred v. Moore & Peterson, 117 F.3d 278, 285 (5th Cir. 1997).

Minimum contacts with a state may arise incident to the federal court's

general or specific jurisdiction over a non-resident. General jurisdiction is invoked where a non-resident maintains continuous and systematic contacts with the state. Specific jurisdiction is appropriate only when a nonresident's contacts with the state arise from, or are directly related to, the cause of action asserted by the plaintiff. See Lewis v. Fresne, 252 F.3d 352, 358 (5th Cir. 2001).

Where, as here, a nonresident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff shoulders the burden of establishing jurisdiction over the defendant. See Wilson v. Belin, 20 F.3d 644, 636 (5th Cir. 1994). On a pretrial motion such as this one where no evidentiary hearing is held, the uncontroverted allegations in the plaintiff's complaint must be taken as true and any conflicts between facts contained in the parties' affidavits must be resolved in the plaintiff's favor. See Bullion v. Gillespie, 895 F.2d 213, 217 (5th Cir. 1990). Those facts must create for the plaintiff a *prima facie* showing of jurisdiction. See Travelers Indem. Co. v. Calvert Fire Ins. Co., 798 F.2d 826, 831 (5th Cir. 1986). If the plaintiff satisfies that minimal standard, he must still prove the jurisdictional facts at a hearing or at trial by a *preponderance of the evidence* before he may obtain relief on the merits. See id.; Felch v. Transportes Lar-Mex, 92 F.3d 320, 326 (5th Cir. 1996).

**B. Facts.**

According to the uncontradicted affidavits provided in conjunction with the defendants' motion to dismiss, defendant Habbouch is a resident of Ohio. See Record Document 18, Ex. A. He is an owner and officer of both Pacific and Pride. He has never been to Louisiana, nor has he marketed or advertised any of his companies' products to customers in Louisiana. He has never quoted or made any offers of products in Louisiana and has never sold any products or services in Louisiana. He has never owned any real or personal property in Louisiana. He has never maintained an internet website and has never advertised or sold products over the internet.

Defendant Pacific is an Indiana corporation registered to do business in Ohio, with its principal place of business located in Cincinnati, Ohio. Pacific imports and sells decorative wood products. Pacific sells its wood products to distributors in the United States, but it has no customers in Louisiana. Pacific has never marketed, advertised or sold products in Louisiana. It has never had a salesman in Louisiana, and has never distributed brochures or advertising material in Louisiana.

Defendant Pride is an Ohio limited liability company, with its principal place of business located in Cincinnati, Ohio. Pride also has an office in California. Pride purchases decorative wood products from Pacific and sells to customers in the

United States. Pride has never had a customer in Louisiana, and has never marketed, advertised or sold products in Louisiana. Pride has never had a salesman in Louisiana, and has never distributed brochures or advertising material in Louisiana.

Neither Pacific nor Pride are registered or licensed to do business in Louisiana. Neither Pacific nor Pride has caused any employee, agent or representative to travel to Louisiana for business. Like Habbouch, neither Pacific nor Pride has ever owned any real or personal property in Louisiana. Neither Pacific nor Pride has ever maintained an internet website, advertised on the internet or sold products over the internet.

Hardware Resources attempts to counter these facts by pointing out that the Ohio defendants "plac[ed] the infringing products in the stream of commerce [] which reached the forum state, and caus[ed] damages in the forum state." Record Document 25 at 2. It further contends that jurisdiction exists because two of the Ohio defendants allege in a complaint filed in Ohio that "Pacific Industries and Pride import products and distribute them throughout the United States." Id. at 4.

C.  **Application Of The Law To The Facts.**

To determine whether the Ohio defendants have minimum contacts with Louisiana, this court must identify some act whereby they purposely availed

themselves of the privilege of conducting activities in Louisiana, thus invoking the benefits and protections of Louisiana's laws. See Bryant v. Salvi, 141 F. App'x 279, 282 (5th Cir. 2005). The conduct must show that the Ohio defendants "reasonably anticipate[] being haled into court" in Louisiana. World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559 (1980).

The Fifth Circuit has consistently held that "mere foreseeability or awareness [is] a constitutionally sufficient basis for personal jurisdiction if the defendant's product made its way into the forum state while still in the stream of commerce." Luv N' Care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 470 (5th Cir. 2006) (citing Ruston Gas Turbines v. Donaldson Co., 9 F.3d 415, 419 (5th Cir. 1993) (citations omitted)). The Fifth Circuit has gone further to find that additional action on the part of the defendant, beyond foreseeability, is not necessary to "convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State." Luv N' Care, 438 F.3d at 470 (citing Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 111, 107 S. Ct. 1026 (1987)).

In Luv N' Care, the court determined that a connection existed between the defendant and the forum state, albeit a *minimal* one. Specifically, the Luv N' Care defendant had documents within its possession indicating that items would be

shipped to Louisiana.[1] To the contrary, even that slight connection with the forum state does not exist in the case sub judice. In other cases finding jurisdiction, at least *some* connection with the forum state has existed, no matter how slight. See, e.g., Rogers, Lynch and Assoc., LLC v. Riskfactor Solutions, Ltd., No. 03-1399, 2004 WL 385064 (E.D. La. March 1, 2004); Johnson v. Galliano Marine Svc., Inc., No. 03-2075, 2004 WL 287369 (E.D. La. Feb. 11, 2004); Little Drummer Boy Prod., Inc. v. Our Loving Mother's Children, Inc., No. 00-2714, 2001 WL 766963 (E.D. La. July 6, 2001). But see Nuovo Pignone v. Storman Asia M/V, 310 F.3d 374, 381 (5th Cir. 2002) (finding personal jurisdiction in a products liability context but noting that the Fifth Circuit has "been reluctant to extend the stream-of-commerce principle outside the context of products liability cases"). In this case, there is simply *no* connection with Louisiana other than the general stream of commerce theory. This court believes that even under the Fifth Circuit's extremely liberal application of Asahi, this would not suffice. The extension of personal jurisdiction

---

[1] The defendant had sold 82,224 of its products to Wal-Mart and a few other vendors. It received and filled purchase orders from Wal-Mart via an "Electronic Data Interchange" system, which contained information regarding the price, quantity, and destination of each shipment. Once an order was filled, the system automatically sent an electric invoice to Wal-Mart that contained the letterhead of a defendant-related entity and the destination address. The record contained several invoices with a "send to" location of the Wal-Mart distribution center in Opelousas, Louisiana. See Luv N' Care, 438 F.3d at 468.

to these defendants would open the door far beyond what any court has imagined and would negate the necessity for the application of any analysis to determine whether jurisdiction even exists.

### III. CONCLUSION

For the reasons set forth above, the defendants' motion to dismiss for lack of personal jurisdiction is **GRANTED**.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DATED AND SIGNED** at Shreveport, Louisiana, this 12th day of July, 2006.

JUDGE TOM STAGG